**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KAREN D. LOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-3173-CV-S-RED-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Karen Lowry seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, and for supplemental security income benefits under Title XVI, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.* Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his or her current Residual Functional Capacity ("RFC") can meet the

demands of his or her past work, and if not, (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

### The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff argues the ALJ did not follow the Commissioner's regulations and policy in evaluating her credibility. However, as the ALJ articulated the inconsistencies between the record and Plaintiff's subjective complaints, and the inconsistencies are supported by the record, Plaintiff's argument fails. *See* 20 C.F.R. §§ 404.1529, 416.929 (2010), *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

Plaintiff further argues the ALJ erred in finding her subjective complaints of pain not credible. Courts do not disturb an ALJ's decision that "seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). If there is objective medical evidence inconsistent with the plaintiff's complaints, an ALJ may properly discount the plaintiff's subjective complaints of pain. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002).

3

While crediting the medical records showing Plaintiff suffered from several severe impairments, including degenerative disc disease, mild degenerative joint disease of the lumber spine, fibromyalgia, and degenerative joint disease of the left knee, the ALJ found the medical evidence failed to support Plaintiff's claim that her impairments rendered her unable to work. The ALJ found the evidence simply did not support Plaintiff's allegations of constant debilitating back, chest, and wrist pain. A review of the record shows this finding was supported by substantial evidence.

Plaintiff's credibility was called into question by Dr. Douglas' medical opinion. While Plaintiff alleged that a tumor in her spine caused pain, Dr. Douglas opined that the type of tumor Plaintiff had was not a likely source of pain. Plaintiff's claim that she had to lie down about 70 percent of the time was negated by Dr. Douglas' finding that nothing required Plaintiff to lie down.

Plaintiff's subjective complaints are also inconsistent with her daily activities. Plaintiff indicated she used a computer, went grocery shopping, folded laundry, washed dishes, did some walking, and went fishing. These activities are inconsistent with Plaintiff's allegations of pain. Therefore, there was no err in discrediting Plaintiff's credibility and subjective complaints.

**The ALJ Properly Weighed the Medical Opinions of Dr. William Campbell, Plaintiff's Treating Physician, and Dr. Edward Douglas.**

Plaintiff argues the ALJ erred in discounting Dr. Campbell's opinion because it was substantially supported by the record. "ALJs are not obliged to defer to treating physician's medical opinions unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). The ALJ properly discounted Dr. Campbell's finding that Plaintiff was unable to work because it was unsupported by the record as a whole. Dr. Campbell's

4

assessment was based on Plaintiff's subjective complaints of pain, rather than clinical findings, or test results. There was a lack of objective medical evidence to corroborate Plaintiff's complaints of severe pain. An ALJ may accord less weight to a medical opinion that is based on the patient's subjective complaints rather than objective medical evidence. *See Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993).

Plaintiff asserts that the ALJ erred by relying on the opinion of Dr. Edward Douglas. However, Dr. Douglas' opinion more accurately reflected the record as a whole considering he relied on objective medical evidence. In addition to performing a physical examination of Plaintiff, Dr. Douglas reviewed available objective clinical studies, including Plaintiff's x-rays, MRIs and CT scans. Dr. Douglas' opinion was also entitled to greater weight, considering he was a specialist in neuro-musculoskeletal medicine. Plaintiff's argument that the ALJ should not have relied on Dr. Douglas' opinion more than her treating physician's opinion fails, as it is the ALJ's responsibility to resolve conflicts among medical opinions. *See Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). Substantial evidence supported the ALJ's decision to rely on Dr. Douglas' opinion. Therefore, the Court finds no err.

**The ALJ's RFC Assessment Was Proper**

Plaintiff argues the ALJ erred in assessing her physical RFC. "It is 'the ALJ's responsibility to determine [Plaintiff's] RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and [Plaintiff's] own description of her limitations.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§ 404.1545-46, 416.945-46).

Plaintiff first asserts the ALJ did not take into account her narcotic pain medication and the

5

side effects resulting therefrom. The ALJ did note that Plaintiff experienced medication side effects, but discredited the side effects because, when Plaintiff's medications were changed, the side effects subsided and Plaintiff tolerated the medications well.

Plaintiff also argues the ALJ did not comply with Social Security Ruling 96-8p in determining her RFC. SSR 96-8p requires an ALJ to assess a claimant's work-related abilities on a function-by-function basis after identifying an individual's functional limitations. To support his RFC assessment, the ALJ specifically cited and described medical and non-medical evidence, including Plaintiff's medical treatment records and subjective allegations of disability. After considering the entire record, the ALJ found Plaintiff could lift and carry 20 pounds occasionally, and 10 pounds more frequently; could stand or walk at least 2 hours in an 8-hour workday; and could alternate sitting and standing at 30-minute intervals. Although Plaintiff is correct that the ALJ did not specifically state the amount of time Plaintiff could sit in an 8-hour workday, the ALJ clearly did not intend to limit Plaintiff's ability to sit. The Court finds no err.

## CONCLUSION

Finding the ALJ's decision was based on substantial evidence, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED:  July 22, 2010                     */s/ Richard E. Dorr*
                   RICHARD E. DORR, JUDGE
                   UNITED STATES DISTRICT COURT